**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4775

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD RAY LOCKLEAR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-04-37)

Submitted: August 12, 2005      Decided: September 22, 2005

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Vaughan S. Winborne, Jr., Raleigh, North Carolina, for Appellant. Frank DeArmon Whitney, United States Attorney, Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donald Ray Locklear pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He was sentenced to 157 months of imprisonment. Locklear appeals his sentence. In light of the appellate waiver provision in his plea agreement, we dismiss the appeal.

Locklear argues the district court erred in finding he was an armed career criminal and applying enhancements to his sentence based on judicially found facts in violation of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). Locklear waived the right to appeal his sentence as part of his plea agreement. Locklear does not argue that his appeal waiver was not knowing and voluntary in light of Booker and, even if he had set forth such argument, we have recently held that a waiver of the right to appeal as part of a plea agreement that was accepted prior to the Supreme Court's decision in Booker is not invalidated by the change in law effectuated by that decision. See United States v. Blick, 408 F.3d 162 (4th Cir. 2005); see also United States v. Johnson, 410 F.3d 137 (4th Cir. 2005). Moreover Locklear's challenge to the constitutionality of his sentence in light of Booker and Blakely falls within the scope of the waiver provision. Accordingly, we grant the Government's motion.

We have examined the entire record and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED